IN THE MATTER OF THE PETITION OF SANTIAGO LIMA TO
VACATE AN ASSESSMENT.

The object of the act of 1858 (chap. 338, Laws of 1858), in relation to
"frauds in assessments for local improvements in the city of New York,"
authorizing proceedings, in certain cases, to vacate assessments was to
remove the lien created by an assessment; and it is only applicable where
such a lien exists.

An assessment cannot be vacated therefore under said act when it appears
that it has been paid before the making of the application.

*Peyser* v. *The Mayor* (70 N. Y., 497)., distinguished.

(Argued April 15, 1879 ; decided April 25, 1879.)

APPEAL from order of the General Term of the Supreme
Court, in the first judicial department, affirming an order of
Special Term denying an application on the part of petitioner
to vacate an assessment upon certain premises owned by him,
for paving Stuyvesant street, in the city of New York.

It appeared by the proofs that after service of the petition
but before the hearing of the motion the assessment was paid.

*Geo. V. N. Baldwin*, for appellant. The fact that the
assessment had been paid before the making of this applica-
tion was no bar to it. (*Peyser* v. *Mayor, etc.*, 70 N. Y.,
497.)

*Wm. C. Whitney*, for respondent.

*Per Curiam.* The object of the application to vacate the
assessment was to remove the lien created thereby. (Chap.
338, S. L. 1858, § 2.) The statute cited is only applicable
when the lien actually exists. As the assessment had been
paid before the application and had ceased to exist, it would
be inconsistent with the purpose of the act to grant the appli-
cation. There was no assessment upon which the order of
the court could operate and hence the applicant was not
aggrieved.

The case of *Peyser* v. *The Mayor* (70 N. Y., 497), which is relied upon by the petitioner has no application. There the action was to recover back money which had been paid for an assessment which subsequently was adjudged to be void. The reversal of the assessment was held to be conclusive that the money was obtained without right. It could not be assailed .in a collateral action, and that case simply holds that where an assessment is adjudged void an action may be maintained for the recovery of the money. The question decided is not applicable to a statutory proceeding to vacate an assessment and the case is not therefore in point.

The order should be affirmed.

All concur.

Order affirmed.