James Purssell, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

Plaintiff paid an assessment for a local improvement upon premises in the city of New York in which he held a valuable leasehold interest; he was bound, by a covenant in his lease, to pay all assessments. The proceedings in laying the assessment were regular upon their face. It was subsequently set aside, upon application of the landlord, which was pending when payment was so made. In an action to recover back the money so paid, *held*, that plaintiff was entitled to avail himself of the decision so obtained, and that defendant was liable.

*It seems* that if payment had been made before any proceedings had been instituted to vacate the assessment the case could not have arisen, as no such proceedings can be maintained after payment.

*It seems*, also, that the right of restitution only extends to the parties by whom or in whose behalf the proceedings to vacate were instituted; one property-owner cannot avail himself of proceedings instituted by another whose property is affected by the same assessment.

*Purssell* v. *Mayor, etc.* (11 J. & S. 348), reversed.

(Argued April 26, 1881; decided May 31, 1881.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order

made February 4, 1878, affirming a judgment in favor of defendant, entered upon a decision of the court on trial without a jury. (Reported below, 11 J. & S. 348.)

This action was brought to recover back moneys paid on an assessment for a local improvement upon premises leased to plaintiff. By a covenant in plaintiff's lease, he was bound to pay all assessments upon the property. Plaintiff paid the assessment May 10, 1873 ; prior to that his landlord had instituted proceedings to vacate the assessment, and it was set aside May 19, 1873. The assessment proceedings were regular upon their face.

*William Henry Arnoux* for appellant. Plaintiff having paid the assessment, supposing that the city had an enforceable lien, on that lien being vacated, had a right to have his money refunded. (*Peyser* v. *Mayor, etc.*, 70 N. Y. 497; *Bk. of Commonwealth* v. *Mayor, etc.*, 43 id. 184.) Any party whose estate is affected by an assessment, or who is liable to pay it, is an aggrieved party in case the assessment is illegal, and has the same rights in regard to it as the owner of the fee has. (*In re Phillips*, 60 N. Y. 16; *In re Burke*, 62 id. 224; *In re Walter*, 75 id. 354.) The covenant on the part of the tenant to pay the assessments made the relation between plaintiff and his landlords that of principal and surety. He stood in the same position in regard to the assessment that an owner does after he has sold property with covenant against incumbrances with an assessment standing against it. (*In re Phillips*, 60 N. Y. 16; *Comstock* v. *Drohan*, 71 id. 9; *Halsey* v. *Reed*, 9 Paige, 446; *Marsh* v. *Pike*, 10 id. 595; *Ferris* v. *Crawford*, 2 Den. 595; *Cornell* v. *Prescott*, 2 Barb. 16; *Russell* v. *Pistor*, 7 N. Y. 171; *Calvo* v. *Davies*, 73 id. 211; *Paine* v. *Jones*, 76 id. 274.) The city, although not a party to that covenant in terms, has such a beneficial interest therein that it can enforce the same directly between itself and the plaintiff. (*Harley* v. *Cleveland*, 4 Cow. 432; *Lawrence* v. *Fox*, 20 N. Y. 268; *Thorp* v. *Keokuk Coal Co.*, 48 id. 253, 257; *Burr* v. *Beers*, 24 id. 178, 180; *Claflin* v. *Ostrom*, 54 id. 581, 584; *Secor* v. *Law*, 3 Tr. App. 328;

*Mallory* v. *Gillett,* 21 N. Y. 412, 420; *Becker* v. *Torrance,* 31 id. 631, 643 ; *Dingeldein* v. *Third Ave. R. R. Co.,* 37 id. 575, 577; *Kelly* v. *Roberts,* 40 id. 432, 438; *Ricard* v. *Sanderson,* 41 id. 179, 181; *Barker* v. *Bradley,* 42 id. 316, 319.)

*D. J. Dean* for respondent. Money voluntarily paid without mistake of fact, duress, compulsion or fraud, cannot be recovered back upon the ground that the party was under no legal obligation to pay it. (*Fleetwood* v. *The Mayor,* 2 Sandf. 475 ; *Forrest* v. *The Mayor,* 13 Abb. 350; *Mowatt* v. *Wright,* 1 Wend. 356 ; *Sprague* v. *Birdsall,* 2 Cow. 419; *Clark* v. *Dutcher,* 9 id. 674; *Sup'vrs of Onondaga* v. *Briggs,* 2 Denio, 26; *Sandford* v. *The Mayor,* 33 Barb. 147; *Commercial Bk.* v. *Rochester,* 42 Barb. 488; *Trinity Church* v. *The Mayor,* 18 How. Pr. 138; *N. Y. & Harlem R. R. Co.* v. *Marsh,* 2 Kern. 308; *Swift* v. *Poughkeepsie,* 37 N. Y. 511; *Brisbane* v. *Dacres,* 5 Taunt. 143; *Robinson* v. *Charleston,* 2 Richardson, 317; *Silliman* v. *Wing,* 7 Hill, 159.) The assertion of an apparent lien upon real estate, by the record of an assessment, void or voidable, which is productive of inconvenience to the owner of the property assessed, is not legal coercion of payment thereof. (*Fleetwood* v. *The Mayor,* 2 Sandf. 478 ; *Wilson* v. *The Mayor,* 1 Abb. 4; *Lot* v. *Swezey,* 29 Barb. 92; *Forrest* v. *The Mayor,* 13 Abb. Pr. 352; *Commercial Bk.* v. *City of Rochester,* 41 N. Y. 342 ; 42 Barb. 499; *N. Y. & Harlem R. R. Co.* v. *March,* 2 Kern. 308; *Dewey* v. *Sup'vrs of Niagara,* 2 How. 394; *Newman* v. *Sup'vrs of Livingston,* 45 N. Y. 675; *Nat. Bk. of Chemung* v. *Elmira,* 33 id. 49 ; *Lyon* v. *Richmond,* 2 Johns. Ch. 31 ; *Clarke* v. *Dutcher,* 9 Cow. 674.) The process of enforcement of the assessment by sale of the assessed premises is not legal compulsion to pay, because the means of resistance to such sale are effectual at law. (*Forrest* v. *The Mayor,* 13 Abb. 352; *Lennon* v. *The Mayor,* 55 N. Y. 366.)

RAPALLO, J. We are of opinion that this case falls within the principle of *Peyser* v. *The Mayor, etc.* (70 N. Y. 497). In that case the plaintiff, after having paid an assessment,

which was an apparent lien upon his property, obtained an adjudication vacating and setting aside the assessment, and this court decided that he was entitled to a return of the money paid, and could maintain an action against the city therefor. The case was held to be analogous to that of one who, after judgment against him, pays the judgment, and subsequently obtains a reversal of it on appeal. He becomes in such case entitled to restitution of what he has paid. In the present case the plaintiff was not the party assessed, nor was he the petitioner in the proceedings to vacate the assessment; but he had a valuable leasehold interest in the property, upon which the assessment was an apparent lien, and he was also bound by the covenants in his lease to pay all assessments. He was, therefore, the real party in interest in the proceedings instituted by his landlord to vacate the assessment. He might have instituted them himself, and was, we think, entitled to avail himself of the favorable result obtained by his landlord. Under the decision in the *Peyser Case*, if the payment in question had been made by the landlord, during the pendency of the proceedings, he would have been entitled to recover it back, and we see no reason why the plaintiff should not have the same right. He was not a mere volunteer, but was the party ultimately responsible in case the validity of the assessment was sustained, and so long as it remained as an apparent lien upon the property, he was disabled from disposing of his interest therein. The payment was not recoverable on the ground that it was made under duress, in fact, but it was made upon an apparent lien, which was in the *Peyser Case* held to be in the nature of a judgment, and on the reversal of that judgment by competent authority, the city became bound to restore what it had received under it from the party in whose interest the reversal was obtained, and it is not a case for the application of the doctrine of voluntary payments. If the payment had been made before any proceedings had been instituted to vacate the assessment, the case could not have arisen, for, as we have held, such proceedings cannot be instituted after payment, but no harm or injustice can be done by holding that if, pending the

proceedings, the payment is made, it is received by the city subject to their final result, and must be restored if the assessment is finally vacated in those proceedings. Of course, this right of restitution would not extend to any but the parties by whom or in whose behalf the proceedings were instituted, and one property-owner could not avail himself of proceedings instituted by the owner of other property affected by the same assessment. But where, as in the present case, the proceedings are instituted by the owner of the fee, we think it should inure to the benefit of those holding under him, and who are ultimately liable for the assessment if sustained.

The judgment should be reversed and a new trial ordered, costs to abide the event.

All concur, except MILLER, J., dissenting; FOLGER, Ch. J., absent.

Judgment reversed.