In the Matter of the Petition of SOLOMON MEHRBACH
to Vacate an Assessment, etc.

*Assessment — an application to vacate it will not lie after it has been paid —* 1858,
*chap. 338.*

In December, 1873, the petitioner joined with others in presenting to the court a
joint petition, under chapter 338 of 1858, for the vacating of an assessment.
In August of that year an order was made authorizing the petitioners to sever
their petitions, and to serve separate petitions to have the assessments on
their several lots vacated and reduced. Subsequently the petitioner served
such new petition, but prior thereto he paid the assessment on his lot.
*Held,* that such payment formed a legal answer to his application.

Appeal from an order directing an assessment to be reduced to
the extent of $539.34.

*Albert L. Cole,* for the mayor, etc., appellant.

*P. A. Hargous,* for the petitioner, respondent.

Daniels, J.:
This proceeding was originally commenced in December, 1873.
At that time the petitioner joined with others, owning other parcels
of land, in a joint petition to vacate the assessment. This proceeding
remained in this condition until August, 1883. At that time an
order was made in the following words:

*Ordered,* That the petitioners named in said petition of James
Wood and others be, and they are, hereby authorized and granted
leave to sever their petitions, and to serve separate petitions for the
vacation or reduction of the above entitled assessment on their lots,
as mentioned in said petition of James Wood and others, and con-
taining the allegations now in said petition.

After the making of this order the petition was served and pre-
sented on behalf of this petitioner for the relief finally awarded to
him by the order from which the appeal has been taken. But in
the meantime, and in the year 1877, the assessments made upon his
lots for the expenses of the improvement were paid, and these pay-
ments are relied upon as an answer to his application. It was made
under the authority of chapter 338 of the Laws of 1858, allowing
only the party aggrieved by the irregular or void assessment to

make the application, and that contemplated that it should be made by the party himself owning the property, or by those jointly interested in it.  It did not provide for a joint proceeding including several distinct interests or titles of the nature of that commenced by the petition served in 1873.  And the analogous practice for relief by action against unlawful taxation, was opposed to this form of proceeding.  (*Magee* v. *Cutler*, 43 Barb., 239, 260 ; *Thurston* v. *Elmira*, 10 Abb. [N. S.], 119.)  Accordingly, if that proceeding had been carried forward to a hearing and decision, relief in it would only have been secured to such applicants only as were jointly interested in the same property.  As to the others, it would necessarily have been dismissed.  Instead, however, of proceeding to that point, the application for the order which has already been mentioned was made.  That order allowed the petitioners to sever their applications, and under it this petitioner prepared and served a petition in his own individual behalf.  That is the mode in which the law has provided for the commencement of proceedings of this description.  And it was accordingly a new proceeding, first commenced by the service of his petition.  The effect of the order was to discontinue the preceding proceeding as to him, leaving him at liberty to present and prosecute an application in his own behalf, and that application was first instituted by the service of his petition.

Before that was done the assessments themselves were paid, and under the authority of the cases of *Matter of Lima* (77 N. Y., 170) and *Matter of Hughes* (93 id., 512) those payments formed a legal answer to this application to vacate the assessment.  After the payments were made the petitioner was no longer aggrieved by the assessment, and under this act he had no legal ground for complaint.  The assessment had become entirely satisfied by means of these payments, and the order reducing the amount was accordingly unauthorized.

The order should be reversed and the motion denied, with costs.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order reversed, with ten dollars costs and disbursements, and motion denied.