In the Matter of the Petition of SOLOMON MEHRBACH to vacate an Assessment.

M. joined with several other land-owners in a general petition to vacate an assessment. While the proceeding was pending, M. paid his assessment, Subsequently the petitioners moved for leave to sever their petitions which motion was granted upon condition that the substituted several petitions should contain the same allegations as the general one. M. thereupon filed a separate petition. *Held*, that the proceeding thereon could not be deemed a new and original one, but simply a continuation of the one then pending, and therefore the payment of the assessment was no bar to the relief sought.

Also *held*, that the court had power to make the order of severance.

*In re Mehrbach* (33 Hun, 136), reversed.

(Argued December 9, 1884; decided January 20, 1885.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made June 2, 1884, which reversed an order of Special Term, reducing an assessment for

a local improvement upon certain lots in the city of New York owned by petitioner. (Reported below, 33. Hun, 136.)

The city set up as an answer payment of the assessment before commencement of the proceedings. The material facts are stated in the opinion.

*Samuel Hand* for appellant. The joint petition presented in 1873 was a valid commencement of the proceeding. (*Re Pell and others*, CULLEN, J., September, 1882; *Re Becker and others*, DONOHUE, J., November, 1882; *Re Leonard*, 28 Hun, 643; *Re Eager*, 46 N. Y. 100; *Re Cameron*, 50 id. 502; *Re Bassford*, id. 509; *Re Smith*, 52 id. 526; *Re Van Antwerp*, 56 id. 262; *Re Watson*, id. 599; Code of Civ. Pro., § 446; [C. P. §§ 117, 2147]; *Train* v. *Myers*, 67 N. Y. 542; *Pfohn* v. *Simpson*, 74 id. 137; *Tenham* v. *Herbert*, 2 Ark. 483; *Morgan* v. *Morgan*, 3 Ala. 383; Adams' Eq. 196; Waite's Pr. 649, etc.; *Thurston* v. *Elmira*, 10 Abb. [N. S.] 120.) The counsel to the corporation and the city are estopped from objecting to the validity of the petition of 1873, as it was brought in that form by the consent, authority and request of the then counsel to the corporation. (*Lima* v. *Mayor, etc.*, 5 Abb. Pr. 325; *People* v. *Mayor, etc.*, 11 id. 66; *Gaillard* v. *Smaw*, 6 Cow. Pr. 383; *Vose* v. *Cockroft*, 44 N. Y. 415; *Re Cooper*, 93 id. 512; *Martin* v. *East St. Louis*, 94 Ill. 67; *Roby* v. *Chicago*, 64 id. 477; *R. R. Co.* v. *Joliet*, 79 id. 39; *Logan Co.* v. *Lincoln*, 81 id. 156; Dill. Mun. Corp. 417, note 6; *Curnen* v. *Mayor, etc.*, 79 N. Y. 514; *O'Leary* v. *Bd. of Edn.*, 93 id. 5; *Kent* v. *Quicksilver Mining Co.*, 78 id. 160; *People* v. *Bank of N. A.*, 75 id. 501; *Moore* v. *Mayor, etc.*, 73 id. 247; *Davis* v. *Mayor, etc.*, 93 id. 512; 18 id. 392; *Brown* v. *Bowen*, 30 id. 519; *Maloney* v. *Horan*, 12 Abb. Pr. [N. S.] 289; *Andrews* v. *Ætna Life Ins. Co.*, 85 N. Y. 34; *Supervisors of Monroe* v. *Blin*, 62 id. 96; *Blair* v. *Wait*, 69 id. 116; *Muller* v. *Pondit*, 55 id. 325; *Maloney* v. *Horan*, 49 id. 111; *Dezell* v. *Odell*, 3 Hill, 215; *Thun* v. *Bell*, Hill & D. Sup. 430; *Young* v. *Bushnell*, 8 Bosw. 1; *Brown* v. *Bowen*, 30 N. Y. 819; *Gaylord* v. *Van Loan*, 15 Wend. 308; 1 Story's Eq., § 386.) The separated petition of

December 26, 1883, served under and in pursuance of the order of August 21, 1883, is a continuance of the original petition of 1873, and not a new original proceeding. (Laws of 1880, chap. 550 ; *Re Lima,* 77 N. Y. 127.) The proceeding to vacate the assessment on petitioner's lots having been commenced by the proceeding of 1873, and continued in the present proceeding, and the assessment being conceded and proved to be illegal to the extent of twelve eighty-nine one-hundredths per cent, the petitioner is entitled to his order reducing the assessment notwithstanding the fact of payment, *as the assessment was paid pending proceedings.* (*Purcell* v. *Mayor, etc.,* 85 N. Y. 330 ; *Re Hughes,* 93 id. 512 ; *Re Clark,* id. 634.)

*D. J. Dean* for respondent. This first proceeding was instituted after the expiration of the time limited by law for the commencement thereof. (Laws of 1880, chap. 550, § 8.) The assessment upon all the property mentioned in the petition having been paid in full prior to the commencement of this proceeding it cannot be maintained. (*In re Lima,* 77 N. Y. 170 ; *Pursell* v. *Mayor, etc.,* 85 id. 330 ; *In re Hughes,* 93 id. 512.) In the absence of statutory permission the joint petition was illegal. (*Bouton* v. *City of Brooklyn,* 15 Barb. 392 ; *Magee* v. *Cutler,* 43 id. 260 ; *Thurston* v. *City of Elmira,* 10 Abb. [N. S.] 120 ; *Morris Canal Co.* v. *State,* 14 N. J. 411 ; *Libby* v. *Town of West St. Paul,* 14 Minn. 247 ; *Petition of Tucker,* 27 N. H. 409.)

FINCH, J. If the present proceeding is to be deemed a new and original one, and free from any connection with the general petition filed earlier, the payment of the assessment is a complete bar to the relief sought, since no lien existed when the several petition was filed. (*In re Lima,* 77 N. Y. 170 ; *In re Hughes,* 93 id. 512.) The General Term have so held, reversing in that respect the conclusion of the Special Term, and the question comes here for a final answer.

The petitioner began his attack upon this assessment in December, 1873. He joined in a general petition with several

other land-owners, also aggrieved by the assessment, showing their respective ownerships of lots assessed, and assigning four grounds for the removal of the lien.   At this date the assessments were unpaid.

It is said that this mode of proceeding, which combined in one petition the several and separate grievances of numerous owners, was adopted with the assent of the corporation counsel, and for the convenience of all parties; and certain affidavits appearing in an "appendix" to the printed case are referred to as furnishing proof of the fact.   But they form no part of the return, although they seem to have been filed with it, and we must disregard them for all purposes of this appeal.

While the general proceeding was pending and before a hearing the petitioners moved at Special Term for leave to sever their petitions, and to serve separate petitions, which motion was granted, and the petition before us, founded upon the several grievance of Mehrbach alone, was filed ; the assessment having in the meantime been paid.   Although the affidavits upon which that motion was founded are not before us, yet enough appears in the form of the application and of the resultant order to convince us that the present must fairly be considered as a continuation of the proceeding originally instituted.

The moving parties did not need the consent of the court to abandon and discontinue their pending application.   To do so after payment of the assessment was to make futile any future application.   So that the permission sought would naturally be not to abandon the pending proceeding, but to change its form by separating it into its component parts.   And the order plainly indicates that purpose.   Permission is given to the applicants to *sever* their petitions ; not to withdraw or abandon them, but to separate them one from the others ; and to accomplish that by substituting separate petitions in the room and stead of the joint one filed.   And it is very significant of the meaning and purpose of the order that it concludes with a requirement that the substituted several petitions should contain the same allegations already made in the one on file. In other words, the order contemplated an amendment of the

form of the application, its substance remaining unchanged. To say otherwise is to hold that the party applied to the court for leave to institute a new proceeding when no such consent was needed, and that the court granted it on condition that the new petition should contain only the allegations of that intended to be abandoned. And that both the party and the court did this, when no lien remained which a new petition could reach. It seems to us the only fair and just construction to hold that the proceeding before us is the one originally commenced amended by severing the common application and resolving it into its constituent elements.

That construction is mainly resisted upon the ground that the court had no power to make the order of severance, and that the original application was a void proceeding. Because the statute which authorized these applications did not itself provide for amendments, it does not at all follow that the court to which the petition was presented had not control of its own practice, and had no power to treat the general application as constituting so many several petitions and to permit the form to be made to correspond. Many such petitions have been presented, and gone through the courts, resulting in the end in several and separate orders for the relief of each petitioner from his own assessment. (*In re Eager*, 46 N. Y. 100.) The joinder in such cases is at the most but an irregularity which might be waived or cured. It is difficult in any view of the subject to see how the original petition, whatever may have been its defects, did not constitute a pending proceeding; and that being so, and the irregularity corrected by an order of amendment from which no appeal has ever been taken, it seems to us quite obvious that the present petition should be deemed a continuation of the original proceeding, at least, in respect to the question of the effect of payment. That payment was made while the petitioner stood resisting the lien of the assessment, and pending an effort to vacate or reduce it. We think, therefore, he was entitled to his relief and that the Special Term was right in granting it.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.