37   513
57   105

MARY M. JONES, APPELLANT, *v.* THE MAYOR, ALDERMEN'
AND COMMONALTY OF THE CITY OF NEW YORK,
RESPONDENT.

*Action to recover the amount of an assessment paid to a city — effect of its voluntary
payment, before the commencement of proceedings to vacate the assessment.*

This action was brought by the plaintiff to recover the amount of an assessment
for a local improvement paid by her to the defendant. After the payment
was made proceedings to vacate the assessment were instituted by the plaintiff
and were subsequently decided in her favor.

*Held,* that although the fact of such payment would have been a good ground
for refusing to vacate the assessment, yet as the assessment was in fact vacated,.
and no appeal from the order vacating it had been taken, the plaintiff was
entitled to recover. (DAVIS, P. J., dissenting.)

APPEAL from a judgment dismissing the plaintiff's complaint.

*Moody B. Smith,* for the appellant.

*Albert L. Cole,* for the respondent.

DANIELS, J. :

The action was brought to recover the amount paid upon an
assessment for a local improvement, the proceedings in which were
afterwards vacated at the instance and on the application of the
plaintiff. These proceedings were not commenced until after the
payment of the assessment had been made, and for that reason it
was held at the trial that they were inoperative and secured to the
plaintiff no legal right to the recovery of her money. This objec-
tion was held to be fatal under the authority of *Matter of Lima*
(77 N. Y., 170), and *Matter of Hughs* (93 id., 512), in which it was
held that a party affected by a local assessment should not be per-
mitted to institute proceedings to vacate it under the statute, after
having paid the assessment. But these decisions were made after
the proceeding was taken and consummated to vacate this assess-
ment, and it was probably supposed at that time, even if the fact of
payment was made to appear, owing to the extreme technical
severity characterizing the application of the statute, by means of
which the expenses of local improvements have very generally been
imposed upon the general taxpayers and property owners of the

city, that it would justify and sustain a proceeding of this description after the assessment itself had been paid. And under that misapprehension the order was probably made, while it would not have resulted in the proceedings if any intimation had existed that they should not be sustained after the payment of the assessment itself. The court as it now appears, if this fact was before it, erred in the application of the statute, but there was no such want of jurisdiction as would justify the ruling that the proceedings themselves were void. An error on the part of the court in the administration and enforcement of the law will not be attended with this result. (*People ex rel. Reynolds* v. *Brooklyn*, 49 Barb., 136, 141.)

It is only when there is an absence of jurisdiction either over the party or the subject-matter that judicial proceedings can be held to be inoperative in another action. The remedy for the correction of error, when that may intervene, is by way of appeal, and to that the defendant was restricted for the correction of the misapprehension under which the court acted in making the order vacating the assessment.

The defendant was brought before the court in the plaintiff's proceeding to answer the application, and it had authority to hear it under the provisions of the statute. It accordingly had jurisdiction over the party and the subject-matter, and made the order upon a state of facts which was deemed to bring the application within the scope and extent of the statute. It is now too late to question its authority. (*Grignon's Lessee* v. *Astor*, 2 How. [U. S.], 319, 338; *Peck* v. *Jenness*, 7 id., 612, 624; *Stout* v. *Lye*, 103 U. S., 66, 68.) At that time the defendant was at liberty to show, in answer to the application, that the assessment had been paid, and for that reason to object to the authority of the court afterwards to vacate it; and because it failed to do so, or to make its objection effectual, it cannot now resist the plaintiff's right to recover the money because of such failure. The principle, on the contrary, has been, in very general terms, settled, that after the proceedings for the imposition of the assessment have been vacated the party paying the assessments has the legal right to recover back the amount paid. (*Peyser* v. *Mayor, etc.*, 70 N. Y , 497; *Purssell* v. *Mayor, etc.*, 85 N. Y., 330.)

It is true that in these cases the assessment was not paid until after the proceedings had been commenced to vacate it, but it has been held in them, in general terms, that after the assessment has been vacated the party assessed may recover back the amount paid upon the assessment. The proof brought the plaintiff's case within this principle, and her action could not be defeated by the circumstance that the court should have refused to vacate the assessment at the time when the application for that purpose was heard and decided.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

Brady, J., concurred; Davis, P. J., dissenting.

Judgment reversed, new trial ordered, costs to abide event.