IN THE MATTER OF THE PETITION OF COURTLANDT PALMER
TO VACATE AN ASSESSMENT.

*Special proceeding to vacate an assessment — cannot be revived on the death of the petitioner — it cannot be brought after the assessment has been paid.*

In December, 1885, the executors of one Palmer applied to revive this proceeding, commenced by Palmer in December, 1873, to vacate and reduce an assessment upon property owned by him, which he had conveyed in June and November of the latter year. The assessment was paid on March 21, 1874, and in June of that year letters testamentary were issued to the executors of Palmer, who died on May 10, 1874.

Upon an appeal from an order reviving the proceeding and reducing the assessment:

*Held,* that as it was a special proceeding, not within the provisions of the law relating to the revival of actions after the decease of the party prosecuting or defending them, it abated by the decease of the testator.

That if the executors had authority to revive the proceeding, it would, from the time of its revival, be practically a new proceeding, and would be legally

answered by proof of the payment of the assessment before the commence-ment of the proceedings to vacate it.

*Matter of Santiago, Lima* (77 N. Y., 170) followed, *Pursell* v. *Mayor, etc.* (85 N. Y., 330) distinguished.

APPEAL by the mayor, aldermen and commonalty of the city of New York from an order reviving the above entitled proceed-ings, and reducing an assessment by deducting the sum of $3,714.22 therefrom.

*G. L. Sterling*, for the appellant.

*P. A. Hargous*, for the respondent.

DANIELS, J.:

The proceeding was commenced by Courtland Palmer, in December, 1873. He conveyed away the property affected by the assessment in June and November of that year, and he himself died on the 10th of May, 1874. Letters testamentary were issued to his executors in June of that year, and they applied in December, 1885, for an order continuing the proceedings in their names as executors of the deceased testator. The assessment was paid on the 21st of March, 1874. And was a special proceeding. (*Matter of Jetter,* 78 N. Y., 601.) And not being within the provisions of the law relat-ing to the revival of actions after the decease of the party prosecuting or defending, it abated by the decease of the testator. (*People ex rel. Wicks* v. *Oswego County Court, etc.,* 2 T. & C., 431; *Leavy* v. *Gard-ner,* 63 N. Y., 624.) And it consequently, under these authorities, could not be revived, or continued in the names of the executors. But what they should have done, inasmuch as the payment or removal of the assessment was necessary to complete the title to the property which had been conveyed, was to have commenced a new proceed-ing to set it aside, or reduce it in its amount, before making payment of the assessment. By that payment they deprived themselves of even this right, for a payment of the assessment before proceedings are taken to vacate, or reduce it, has been held to be a legal answer to the application. (*Matter of Santiago, Lima,* 77 N. Y., 170.)

The proceeding is not saved by what was decided in *Purssell* v. *Mayor, etc.* (85 N. Y., 330), for it had abated, and was necessarily thereby out of the court. If the executors had the authority to

revive it, it would consequently, from its revival, be practically a new proceeding, and capable of being legally answered by this fact of the payment of the assessment. Without, therefore, considering the effect of the long period of time intervening between the decease of the testator and the application for the revival of the proceeding, this order, under the authorities, seem to have been erroneously made, and it should be reversed and the motion denied, together with the usual costs and disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.