In the Matter of the Petition of A. S. ROSENBAUM to Vacate an Assessment.

A decision denying an application of one party aggrieved, to vacate an assessment for a local improvement in the city of New York, does not validate the whole assessment, or bind or affect other parties aggrieved by it.

In proceedings to vacate an assessment imposed on the petitioner's property in 1872, on the ground that a portion of the work was done under a contract entered into without advertisement or opportunity for competition, it appeared that in similar proceedings by another petitioner to vacate an assessment on his property for the same improvement, the assessment was sustained. In the former proceedings there was no proof that the price for the work was excessive or unfair, while in this it appeared that on the same day the contract in question was made, contracts for similar work, as to which competition was permitted, were made at a much less price. At the date of the former decision, there was no provision for reducing the assessment without vacating it wholly. *Held*, that the doctrine of *stare decisis* did not make the former decision conclusive in this case.

Also, *held,* that the act of 1874 (chap. 313, Laws of 1874) did not bar a reduction of the assessment for the illegality complained of, and that an order making such a reduction was proper.

Reported below, 53 Hun, 478.

(Submitted December 9, 1889; decided January 14, 1890.)

APPEAL from order of General Term of the Supreme Court in the first judicial department, made July 9, 1889, which reversed an order of Special Term denying a motion to vacate an assessment on the property of the petitioner for paving Fifty-eighth street in the city of New York, and which reduced the assessment.

The facts so far as material are stated in the opinion.

*William H. Clark* and *G. L. Sterling* for appellant. This assessment was litigated many years ago, and a decision upon the point now raised was given adverse to the petitioner's claim upon substantially the same evidence. The principle *stare decisis* should be applied. (*Petition of Voorhis,* 5 T. & C. 345; 62 N.Y. 637; *Chase* v. *Chase,* 95 id. 373; *In re S. J. O. Asylum,* 69 id. 353; *Brennan* v. *Mayor, etc.,* 47 How. Pr. 178; *Alcott* v. *T. R. R. Co.,* 26 Barb. 157; *Baker* v. *Lorillard,* 4 N. Y. 261; *Miller* v. *Macomb,* 26 Wend. 229; *Greenbaum* v. *Stein,* 2 Daly, 226; *In re Eager,* 46 N. Y. 100.) If the case is considered on its merits and as *res nova,* the petitioner is not entitled to any reduction. (Laws of 1874, chap. 313.)

*Elliot Sandford* for respondent. Non-compliance with section 104, chapter 137 of the Laws of 1870 has been held as a ground for reducing assessments by deducting the amount of the unauthorized work. (*In re Mahan,* 20 Hun, 301; 81 N. Y. 621; *In re M. S. Inst.,* 82 id. 142; *In re Merriam,* 84 id. 596; *In re M. G. L. Co.,* 85 id. 528; *In re Eager,* 46 id. 100.) The withholding of part of the work from competition is a substantial error within chapter 312 of the Laws of 1874. (*In re Mahan,* 20 Hun, 301; *In re Emigrant Bk.,* 75 N. Y. 388; *In re M. S. Inst.,* 82 id. 142; *In re Merriam,* 84 id. 596.) A decision upon the question here involved, though made in regard to the same assessment, but not between the

same parties and not affecting the same property, is not controlling, if such decision has subsequently been overruled. (*Butler* v. *Van Wyck*, 1 Hill, 462; *Zink* v. *Buffalo*, 6 Hun, 611; *In re Delancey*, 52 N. Y. 80; *Pursell* v. *Mayor, etc.*, 85 id. 330, 334; *Leavitt* v. *Blatchford*, 17 id. 544; *Townsend* v. *Corning*, 23 Wend. 443; *Olcott* v. *T. R. R. Co.*, 26 Barb. 157, 158; *Curtis* v. *Leavitt*, 15 N. Y. 184; *Moore* v. *Albany*, 98 id. 410; *Chamberlain* v. *Taylor*, 105 id. 196.)

FINCH, J. The petitioner moved to vacate an assessment imposed upon his property in 1872 to defray a proportionate part of the expense of paving Fifty-eighth street, between Sixth and Ninth avenues, in the city of New York. The petition was filed in that year; some proof was sworn to in 1880, and the hearing was in 1888, so that the proceeding seems to have moved with due deliberation over a period of quite sixteen years. The explanation is found in an alleged variation in the opinions of this court upon the facts established.

The proof shows that while a contract was let, after advertisement and upon competition, for paving the streets with a patent pavement called the Stafford pavement, the work of laying bridge-stones or crosswalks was not included, but a contract was made for them with the successful bidder for the other work at the rate of one dollar and forty cents per square foot without advertisement or any opportunity for competition. It was further shown that, on the same day upon which this contract was made, other bids for similar work as to which competition was permitted, ranged from forty cents to one dollar and twenty cents per square foot, and contracts were actually made at one dollar. So that the work of laying the crosswalks was awarded without advertisement or competition, in violation of the provisions of the charter, and solely upon the order of William M. Tweed, the then commissioner of public works.

The corporation counsel made two defenses for the illegality thus established. He introduced in evidence, under the petitioner's objection, the record of a similar proceeding instituted

by John D. Voorhis to vacate as to his property the ident ical assessment here assailed. The facts shown upon that hearing were those now established, except that there was then no proof that the price per square foot was excessive and unfair. The Special Term vacated that assessment, but the General Term reversed the order (5 T. & C. 345), and this court affirmed that conclusion without an opinion (62 N. Y. 637). Of course, the present petitioner had no motive left to press his claim to the same destructive result, and so permitted it to slumber. After the decision below, but before the affirmance in this court, in the case of another assessment, the same illegality relating to crosswalks came up for consideration. (*In the matter of Eager*, 46 N. Y. 100.) It was then held that the assessment was invalid, because laid without competition and in violation of the city charter. That doctrine has been since repeatedly affirmed. (*In re Merriam*, 84 N. Y. 596.) Nevertheless, the corporation counsel insists that the decision of the *Voorhis* case is conclusive upon the principle of *stare decisis*. Two things are to be said about that. The decision did not validate the whole assessment or bind or affect other parties aggrieved by it. (*Purssell* v. *Mayor*, etc., 85 N. Y. 330.) And it should be added that the *Voorhis* case was decided largely upon the ground that the property owners were not shown to have suffered by an unreasonable price, and at a date when there was no provision for reducing an assessment without vacating it wholly. Be that as it may, the *Voorhis* decision does not bind the petitioner, and we must apply the law as, after very much of argument and consideration, it has been finally settled.

But the city takes another ground and insists that chapter 313 of the Laws of 1874 bars a reduction for the illegality complained 'of. That act forbids the vacating of an assessment on account of certain specified omissions or irregularities "except only in the cases in which fraud shall be shown." We had occasion to determine the meaning of that act in *Matter of the Petition of the Emigrant Industrial Savings Bank* (75 N. Y. 388), and there held that it closed the door upon the named

irregularities, but had no effect upon a case in which there had been no advertisement and no competition at all. It cannot serve, therefore, to defeat the present application.

It follows that the order of the Special Term which denied the petitioner's application was properly reversed by the General Term whose order should be affirmed with costs.

All concur.

Order affirmed.