JAMES BROOKS, RESPONDENT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANT.

*Judgment which, upon its face, is an adjudication upon the merits — parol evidence to explain it, how far competent.*

An adjudication, which purports upon its face to be an adjudication upon the merits of a controversy, cannot be shown, in a collateral proceeding, by parol evidence, to have been otherwise, except where there is an absence of jurisdiction either over the party or the subject-matter.

In an action brought to have an assessment for paving declared invalid to the extent of five twelfths thereof, a defense was interposed that the plaintiff had previously presented his petition to have the assessment adjudged to be irregular and void, and that such proceedings were had thereon that the application of the petitioner had been denied.

*Held,* that evidence, offered for the purpose of avoiding such defense, to the effect that the denial of the application was consented to because it was discovered that the assessment had been paid, was incompetent.

APPEAL by the defendant from an order, entered in the office of the clerk of the county of New York on the 20th day of February, 1890, after a trial before the court and a jury at the New York Circuit, whereby it was adjudged that the plaintiff recover of the defendant the sum of $360.78.

The action was brought for the purpose of obtaining an adjudication that an assessment on certain land was invalid to the extent of an alleged over-payment made by the plaintiff in the sum of $197.37, with interest.

*G. L. Sterling,* for the appellant.

*Cecil C. Higgins,* for the respondent.

VAN BRUNT, P. J. :

This action was brought to have an assessment for paving declared invalid to the extent of five-twelfths thereof, and to recover that proportion of the assessment on his property which had been paid by the plaintiff. Among other defenses set up was one that the plaintiff had previously presented his petition under and in pursuance of chapter 338 of the Laws of 1858, and the amendments thereof, to a judge of this court to have the said assessment adjudged irregular and void and vacated ; that such proceedings were thereupon had that the application of the petitioner was denied.

This defense was proved upon the trial, and its effect was sought to be avoided by parol proof that the denial of the application was consented to so far as it affects the property in question, because it was discovered that the assessment upon this property had been paid. The court permitted this evidence to be introduced, although duly objected to, and gave the plaintiff judgment. I cannot see how an adjudication, upon its face an adjudication upon the merits of a controversy, can be shown by parol evidence in a collateral proceeding to have been otherwise.

The application of the plaintiff in respect to these lots appears, after a hearing, to have been denied. It was not dismissed, but the merits seem to have been passed upon. The fact that the order recites that it was entered by consent in no way alters its validity or effect. After a hearing, the plaintiff confessed judgment; that is all that this consent amounts to, and no record can be impeached by parol in a collateral proceeding.

It is, however, claimed that the adjudication is void, because the court had no power to entertain the application (*Matter of Lima*, 77 N. Y., 170), the assessment having been paid. The court had the power to decide whether or not it had jurisdiction in the proceeding. It had acquired jurisdiction of the person and subject-matter, and if error was committed, it could only be corrected by appeal.

In the case of *Jones* v. *The Mayor* (37 Hun, 513), where this question of jurisdiction was raised by the present defendant, the court said :

"The court, as it now appears, if this fact was before it, erred in

the application of the statute, but there was no such want of juris-
diction as would justify the ruling that the proceedings themselves
are void. An error on the part of the court in the administration
and enforcement of the law will not be attended with this result.
(*People ex rel. Reynolds* v. *Brooklyn*, 49 Barb., 136, 141.) It is
only where there is an absence of jurisdiction, either over the party
or the subject-matter, that judicial proceedings can be held to be
inoperative in another action. The remedy  *  *  *  is by way
of appeal.  *  *  *

" The defendant was brought before the court in the plaintiff's
proceeding to answer the application, and it had authority to hear
it under the provisions of the statute. It accordingly had jurisdic-
tion over the party and the subject-matter, and made the order upon
a state of facts which was deemed to bring the application within
the scope and extent of the statute. It is now too late to question
its authority."

If the court had acquired jurisdiction in the case cited, it had also
in the proceedings now under consideration. It seems to us that
the judgment in the proceedings under the statute denying the
plaintiff's application are a bar to the present action, and that parol
evidence cannot be admitted in this action to impeach that record.

The judgment should be reversed and a new trial ordered, with
costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appel-
lant to abide the event.