VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

IN THE MATTER OF THE PETITION OF JAMES C. HAZLETON TO VACATE AN ASSESSMENT FOR THIRTEENTH AVENUE FROM TWENTY-THIRD TO TWENTY-FOURTH STREETS.

*Assessment — proceedings to vacate — laches in making the application — effect thereon, of the payment of the assessment — statute of limitations.*

In an application, under chapter 338 of the Laws of 1858, and its amendments (sections 897–914, chapter 410 of 1882), the petition, in proceedings to vacate an assessment, was served upon the counsel to the corporation of the city of New York on August 17, 1880. A notice of the application for an order vacating the assessment upon the petition, and the proofs which had been taken in the meantime, was not served until February 12, 1890.

The application was made upon the grounds that the assessment, which was confirmed March 9, 1875, was for a repavement laid in violation of law and in violation of chapter 326 of the Laws of 1840. It was conceded in the case that there was no tax valuation, and that, under the Law of 1840, an assessment could not be made for a local improvement above the amount of one-half of the assessment for the purposes of taxation, and also that non-assessment for the purpose of taxation, was a sufficient ground for vacating an assessment for a local improvement.

The objection of the corporation counsel rested upon the ground: That the court had no jurisdiction to reduce the assessment, because no notice of the application was given to the counsel to the corporation until more than ten years after its confirmation.

*Held,* that the petition having been served on the counsel to the corporation within the time, and no objection having been taken at the time that the application was made to the court upon such petition, some years thereafter, that there was a waiver of any such ground of objection on the part of the counsel to the corporation.

A second ground of objection was that the assessment could not be vacated after payment thereof had been made to the city.

*Held,* that, as the payment in this case was made after the proceedings to vacate the assessment had been commenced, the right of the applicant to relief was not affected thereby.

*Matter of Lima* (77 N. Y., 170) distinguished.

That the statute of limitations was not a bar to the right of the applicant to relief, as although the application was not made to the court within ten years after the confirmation of the assessment, yet the proceedings to vacate the assessment were instituted within such ten years.

APPEAL by the Mayor, Aldermen and Commonalty of the City of New York from an order made at the New York Special Term on the 20th day of March, 1890, in the above-entitled action, by which it was adjudged that the assessment for the Thirteenth avenue paving, between Twenty-third and Twenty-fourth streets, in the city of New York, confirmed on the 9th day of March, 1875, and imposed upon the lots mentioned and described in the petition in this matter, be vacated, and that the lien created thereby, or by any subsequent proceedings, cease, so far as the same affects such lots, and that the comptroller and collector of assessments of said city, and the clerk of arrears of the said city, be directed to cancel and vacate the said lien of record on said lots in the books and records of their office.

*George L. Stirling,* for the Mayor, etc., appellant.

*P. A. Hargous,* for the petitioner, respondent.

BRADY, J.:

This proceeding was instituted under chapter 338 of the Laws of 1858, and its amendments, which were subsequently incorporated into the consolidation act. (Laws 1882, §§ 897–914, inclusive, chap. 410.)

The papers were served on the counsel to the corporation on the 17th of August, 1880, but the notice of the application upon the petition, and the proofs which had been taken in the meantime, were not served until February 12, 1890.   Although the petition was served on the 17th of August, 1880, as already mentioned, the notice of application for the order vacating the assessment was founded upon the petition and the proofs which were subsequently taken. In the petition the following reasons were stated as the grounds upon which the petitioner relied for success, viz. :

I.  Because there is included in said assessment, and assessed upon the lots of your petitioner, the cost of work for which no contract was made, in conformity with the provisions of the charter of 1873, nor were any bids made for doing said work, or any part thereof, or any competition therefor.

II.  That the work, for the expense of which said assessment is imposed, was done without any authority of law, and there are included therein expenses not authorized by law.

III.  That said assessment is for a repavement laid in violation of law, and is in violation of chapter 326, Laws of 1840.

It is contended by the learned counsel for the corporation that no evidence was offered to sustain either the first or second of these reasons, and that the respondent must rely upon the third, namely, that the assessment is for a repavement laid in violation of law and is in violation of chapter 326 of the Laws of 1840.   It is conceded by him that there was no taxed valuation and that, under the law of 1840, no assessment can be assessed for a local improvement beyond the amount of one-half of the assessment for the purposes of taxation (chap. 326, Laws of that year), and also that non-taxation or non-assessment for the purpose of taxation is sufficient to vacate an assessment for a local improvement.   Such is the established rule. (*Matter of Second Ave. M. E. Church*, 66 N. Y., 395 ; *Matter of Cram*, 69 id., 452 ; *Matter of Schell*, 76 id., 432.)

And the reliance of the learned counsel is upon two points: First.  That the court had no jurisdiction to reduce the assessment, because no notice of the application was given to the counsel to the corporation until after the payment of the assessment, and more than ten years after the confirmation.   It appears, however, by the points presented by him that the petition was served on the counsel

to the corporation on August 17, 1880, and, therefore, that the proceeding to vacate the assessment was instituted at that time. It is true that the application to the court founded upon the petition was not made until some years afterward; but no objection upon that score appears to have been made at the time the application was presented or the proofs taken, and, therefore, the doctrine of waiver might be invoked if it was necessary, which it is not. If the appellant desired to dispose of the proceeding an application could have been made for that purpose. The appellant will not be permitted to indulge in laches and then to take advantage of them. Therefore, there is no force in the first objection.

Another reason assigned why the order should be vacated is, that, after payment of the assessment, the court has no jurisdiction to vacate or reduce the amount of an assessment. This proposition rests upon the decision in the *Matter of Lima* (77 N. Y., 170). In that case, however, no proceedings had been instituted to vacate the assessment, in which respect it differs from this case. It does not apply therefore. When the payment. is made, after proceedings commenced to vacate, it does not affect the right of the applicant to relief. (*Matter of Hughes*, 93 N. Y., 512; *Purssell* v. *Mayor*, 85 id., 330.)

It is also suggested that the statute of limitations barred the right of the respondent to relief, upon the assertion that the application to be of any validity must be made within ten years after the confirmation of the assessment. Here the proceeding was instituted within ten years. Indeed, it was instituted within six years after the assessment was imposed.

It is also insisted, upon a series of authorities, that the petition must clearly and definitely state the particular respects in which the assessment is claimed to be illegal, and that a reason not stated in the petition cannot be inquired into. The answer to that is, that it is definitely stated in the petition that the work was done without any authority of law; that it was a repavement, and that it was in violation of chapter 326 of the Laws of 1840. It is too late now for the counsel to the corporation to effectively urge such an objection. It should have been, but was not, interposed at the time the proofs were taken or the petition presented, but if this be not a correct view of the subject, the allegation that the assessment was unauthor-

ized by law was sufficient to cover the requirements of the case, in addition to which, however, there is a direct allegation that it was in violation of the Laws of 1840, chapter 326. Admitting that there was an extraordinary lapse of time between the presentation of the petition and the hearing upon the merits, the delay cannot be wholly charged upon the respondent for the reason already suggested, that the appellant could have urged the proceedings to a determination. But, in addition to that, the Court of Appeals in the *Matter of Rosenbaum* (119 N. Y., 24), wherein it appeared that the petition was presented in 1872, some proof taken in 1880, and the hearing in 1888, did not regard the delay as prejudicial to the petitioner's right to be heard and relieved. Beyond this, and lying at the very foundation of this proceeding, and not overcome and not to be questioned, is the fact that there was no authority whatever for imposing the assessment, and the efforts to defeat the petitioner are seemingly entirely technical.

For these reasons the order appealed from should be affirmed.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Order affirmed.