## In re DUFFY.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

1. VACATING ASSESSMENTS—EFFECT OF NOTICE—CONSENT OF COUNSEL.
    A petition was filed in 1872, alleging fraud and irregularity in an assessment for public improvements, under Laws 1858, c. 338, § 1, providing that notice of such proceeding shall be given corporation counsel, on which the court shall proceed forth-

with to hear the proofs. Notice was given to the corporation counsel October 22, 1872, who indorsed thereon a consent that proofs be taken forthwith. No further proceedings were taken until 1890, when petitioner, after notice, moved to continue the proceedings. *Held*, that the statute contemplated immediate proceedings by petitioner, and that such consent of counsel did not authorize the continuance of the proceeding until such time as petitioner thought fit to revive it.

**2. SAME—COMMENCEMENT OF PROCEEDING.**

In such case the mere service of the notice, not followed up by any proceeding under it, was ineffectual to commence any special proceeding under such statute, and the application to revive should have been denied. *In re Rosenbaum*, 23 N. E. Rep. 172, 119 N. Y. 24, distinguished.

Appeal from special term, New York county.

Petition by Michael Duffy to vacate an assessment for public improvements. From an order denying a motion to dismiss the application, the mayor, aldermen, and commonalty of the city of New York appeal. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*William H. Clark*, Corp. Counsel, (*George L. Sterling*, of counsel,) for appellants. *Elliot Sanford*, for respondent.

PER CURIAM. By section 1 of chapter 338 of the Laws of 1858, the act under which this proceeding was instituted, it is provided that "if in the proceedings relative to any assessment or assessments for local improvement in the city of New York, or in the proceedings to collect the same, any fraud or legal irregularity shall be alleged to have been committed, the party aggrieved thereby may apply to a judge of the supreme court in special term or in vacation, who shall thereupon, upon due notice to the counsel of the corporation of the city in which the land so assessed is situated, proceed forthwith to hear the proofs and allegations of the parties." In pursuance of this provision of the statute the petitioner served upon the counsel to the corporation a petition alleging fraud or legal irregularity in proceedings relative to an assessment specified in the petition, and gave notice to the counsel to the corporation of the city of New York that the petition would be presented at the special term of the supreme court, to the justice holding the same, at the chambers of said court, in the court-house in the city of New York, on the 24th day of October, 1872, and proofs taken in support of the allegations therein contained, and a motion made thereon that the prayer of the said petition be granted, and indorsed upon that petition and notice was an admission of service thereof, and a consent that the proofs be taken forthwith; such indorsement being dated October 22, 1872. No further proceedings were taken, no application made to the court or a justice thereof at the time specified, and no proofs at any time taken. On or about November 12, 1890, a notice was served upon the counsel of the corporation, whereby notice was given that the petitioner would apply to a judge of the supreme court on the 20th of November, 1890, by which the petitioner sought to continue the proceeding. On the return of this notice the counsel for the corporation moved to dismiss the application, which application was denied; and from that order, denying the motion to dismiss, this appeal is taken. These additional facts also appear, —that the assessment sought to be vacated was confirmed in January, 1872, and was paid in 1876 and 1878.

The act of 1858 contemplated the taking of proof before the court, or a justice thereof, and upon that proof an application to the court or a justice to vacate the assessment; and the notice that was required was a notice that the party aggrieved would at the time and place specified offer such proof and make such application. The admission of the corporation counsel of the receipt of the notice, and his consent that the proof be taken forthwith, dated in October, 1872, was nothing more than a consent that on the day named in the notice the petitioner could present his petition to the court, and could then offer such proof to be taken by the court as he should be advised. It did not authorize or consent that the proceedings should be commenced or

should continue until such time as the petitioner saw fit to revive it; and the corporation counsel, so far as appears, might have attended in court on the return day of the notice, ready to proceed, but, upon the failure of the petitioner to appear, concluded that the proceedings had been abandoned. It was the application to the court, who was thereupon to take the testimony in pursuance of the notice, that commenced the proceeding, and the notice was merely such as was required in such cases to notify the corporation counsel that at the day named the petitioner would initiate the proceeding. The essential difference between such a proceeding as this and an action is that by the service of a summons the action is commenced, and then continues until finally dismissed or discontinued; but here the commencement of the proceeding was the taking of the testimony before the court, in pursuance of the notice given, and the mere service of the notice, not followed up by any proceeding under it, was ineffectual to commence any special proceeding under the provision of this statute. The proceeding, therefore, not having been in fact initiated, we think the court below should have denied the petitioner's application for leave to take proof. The question here presented was not passed upon by the court of appeals in *Re Rosenbaum*, 119 N. Y. 24, 23 N. E. Rep. 172; for there it appeared that the proof had been taken, and the proceeding thus actually initiated, and the court there held that the mere fact that the petitioner had not continued the proceedings after they were once initiated was not a reason for denying him the relief to which the proof showed he was entitled. The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion to dismiss the application granted. All concur.