In the Matter of the Petition of HENRY HUGHES to Vacate an assessment.

In proceedings to vacate an assessment for a local improvement in the city of New York, the petitioner has no right to relief beyond the amount of his legal injury.

Where, therefore, it appeared that the petitioner, before the proceedings were instituted, voluntarily paid a portion of the assessment, *held*, that it could only be vacated so far as it remained a lien or incumbrance upon the petitioner's property.

(Argued October 2, 1883 ; decided October 23, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 30, 1883, which affirmed an order of Special Term, vacating an assessment, upon certain lots of the petitioner in the city of New York, for Seventh avenue sewers.

It appeared that before the proceedings were instituted, the petitioner voluntarily paid one-third of the assessment.

*D. J. Dean* for appellant.   Upon the actual facts proven the petitioner was entitled only to an order which should vacate so much of the assessment as was unpaid when the proceeding was commenced. (*Matter of Lima*, 77 N. Y. 170 ; *Peyser* v. *Mayor*, 70 id. 497 ; *Wilkes* v. *Mayor, etc.*, 79 id. 621.)

*P. A. Hargous* for respondent.   The petitioner is entitled to his order vacating the entire assessment, notwithstanding that a one-third installment of said assessment has been paid. (*In re Raymond*, 85 N. Y. 646 ; *In re Loew*, 27 Hun, 467 ; *In re Voorhees*, id. 467 ; *In re Clark*, in Ct. of Appeals, just decided ; *Purcell* v. *Mayor, etc.*, 85 N. Y. 330 ; *In re Rust.* 24 Hun, 229 ; *Peyser* v. *Mayor. etc.*, 70 N. Y. 497.)

*Per Curiam.*   It is conceded that the assessment of which the petitioner complains was invalid, and that it should be vacated as a lien upon his property, unless he is precluded from relief as to one-third of the amount by reason of a voluntary payment before proceedings instituted of that proportion of the assessment.   Where the property-owner has paid in full before the institution of proceedings to vacate, we have held that he had no right to relief.   (*In re Lima*, 77 N. Y. 170.)

The ground of the decision was that there was no longer a lien to be vacated, or an assessment which constituted an incumbrance. Payment, which had discharged the lien, left nothing upon which the order could operate. Where, however, only a partial payment has been made, a lien remains, an incumbrance against the property exists, which, if illegal or invalid, may be vacated or discharged. But in such case the appellant claims the assessment must be vacated only so far as it remains a lien or incumbrance upon the petitioner's property, and we are of that opinion. The statute gives the remedy to the party aggrieved. It is his grievance that is to be redressed, and he has no right to demand relief beyond the measure of his legal injury. By his voluntary payment of one-third he lost the right to complain of the assessment, except to the extent of its remaining lien, since to that extent only is the invalid assessment an injury.

It is argued, on behalf of the petitioner, that the assessment must be vacated as a whole; that it is not good in part and bad in part so that it is separable into a valid and invalid portion, and can be reduced; and, therefore, we cannot limit the order of vacation to the existent lien. But it is not accurate to say that we ever vacate the whole of an assessment. Upon the application of one petitioner we do not vacate the assessment as to another who does not apply. We move simply in response to the grievance and to the extent of the grievance. While we could not reduce the lien of the assessment upon the petitioner's lands, no law forbids him to reduce it, and that he does when he voluntarily pays one-third. His own act reduces the operation of the assessment upon him to two-thirds of the original amount, and the lien of that two-thirds is all of which he can lawfully complain.

The orders of the Special and General Terms should be modified so as to apply only to the portion of the assessment remaining unpaid at the time of the commencement of the proceedings, without costs to either party.

All concur.

Ordered accordingly.