Macomber, J.
Mr. Hargous was employed by the petitioner in the year 1872 to procure, if possible, a release of the petitioner’s lands from certain assessments which had been laid upon them by the city of New York. The employment was made “under a written contract by which the appellant was to receive for his services twenty-five per cent of the amount which he should succeed in getting released as a lien upon the lands, without any expense of legal proceedings to the petitioner. In the year 1874, nothing having at that time been accomplished by the attorney by way of removing the liens, the petitioner paid the assessment which was at that time about $7,000. Subsequently to that an order was obtained by the court by which the assessment was reduced by 29 7-10 per cent, in accordance with the decision of the court of appeals in the Matter of Hughes (93 N. Y. 512), whereby it was held that the money could be recovered back, although actually paid by the person assessed after instituting proceedings to have the same vacated. The appellant prepared a summons and complaint, and served upon the proper officers of the city of New York, who made no defense thereto, and, accordingly, judgment was entered in favor of the petitioner by default for the recovery of the amount which had been illegally assessed against his property. The appellant now claims to retain not only the twenty-five per cent according to the terms of the original contract, but a further sum of twenty-five per cent for additional services in instituting suit which had been rendered necessary by the payment into the city treasury of the amount assessed against the petitioner. The attorney having paid over to the petitioner only fifty per cent of the amount recovered from the city, and refusing to pay the additional twenty-five per cent claimed to be due the petitioner, this proceeding was begun to compel the attorney to restore to his client the moneys held for him.
That the petitioner has the right thus summarily to ask *608 the court to restore to him his moneys in the hands of his attorney, admits of no doubt. It has been the uniform practice of courts in this state to compel by proper order a quick and inexpensive settlement of controversies of this description between client and attorney. Nor is the fact that the withholding of the moneys by the attorney is done in good faith and in reliance upon a just belief that he is entitled to more pay a sufficient answer to the order to show cause. Doubtless such a circumstance would be taken into account by the court in determining whether it would entertain a summary application, or whether it would require the claimant to assert his rights under the common law jurisdiction in a trial by jury. Bowlingreen Savings Bank v. Todd, 52 N. Y., 493; In the Matter of the Application of Knapp, 85 id., 284.
An examination of the testimony convinces us that the petitioner had no reason to believe that there would be any further charge against him than that of the twenty-five per cent provided for by the written agreement between the parties. By his own act, however, in paying the amount of the assessment into the city treasury, he did render it necessary to take one simple formal step towards accomplishing the result which, except for the act of the petitioner, would not have been necessary. But the preparation of the summons and complaint, and the entry of judgment by default, was not a proceeding of such gravity or of such a nature as further to modify the original contract between the parties than to impose an obligation upon the petitioner to pay for such special services what they were reasonably worth. Accordingly, the referee has allowed, in addition to the twenty-five per cent, the further sum of fifty dollars for performing this purely clerical work. We think that such an allowance was ample for the services thereby rendered.
The appellant complains, however, that the referee not only returned the testimony taken before him, but also appended thereto an opinion which was not called for by •the order appointing him. It is true that the order does not require the referee to give his opinion upon the testimony that should be taken, but it by no means precluded him "from furnishing that aid to the court. If the referee, diligently considering a case, sees fit thus to render this aid in the decision of a question of fact, the court is ever ready to receive such help and cannot deem it the foundation of an error in the proceedings. It is further claimed that the opinion of the referee unduly influenced the decision of the special term, as expressed in the memorandum of the opinion handed down, but the decision of the court is contained in the order which was made by it and not in the *609 memorandum of reasons given for that order. If the order is sustained by the testimony, as we clearly think it is, it matters not whether or not the judge who made the order gave undue weight to the examination of the case which was made by the referee.
It is further claimed by the appellant that he ought not to be thus summarily required to settle with'his client, but that the client should be required to resort to an action against him wherein he could have a trial under common law jurisdiction of the questions involved in this motion. That consideration might well have been addressed to the special term before the order of reference was made, and also upon the hearing after the report of the referee had been made. This cqurt, doubtless, also has upon this appeal power and a right to consider if. In the record, however, if is shown that upon the return of the order to show cause why the attorney should not be required to pay over this money, a reference was ordered by the consent of both parties. The appellant thereby waived his right, if it exists at all, to ask that he be proceeded against by common law process, and not under the summary provisions of th’e statute and the rules and practice of the court in controversies between attorney and client.
The order should be affirmed, with ten dollars costs and disbursements.
Daniels, J., concurs.
Brady, J.—In this case I think party should be left to his action.