Per Curiam.
The order should be affirmed with ten dol-
lars costs, upon the opinion of the learned judge at special term.
The opinion of O’Gorman, J., at special term was as follows:
This is a motion on behalf of the plaintiff for an order vacating and setting aside an order of reference entered herein on the 21st day of April, 1885, and that the cause be restored to the general calendar of the court for trial before a jury on the issues heretofore framed.
The motion is made on all the papers, pleadings and proceedings in the case.
The action is for absolute divorce.
The plaintiff claims that she became the wife of the defendant, on, or about May 31, 1881, not through any ceremonial marriage, but by reason of the defendant’s request that she should become his wife, and her consent thereto, which agreement had been preceded and was followed by cohabitation.
The defendant’s answer denying a marriage having been put in, the plaintiff, by D. M. Porter, her attorney and counsel, moved this court at special term for an order settling issues of fact to be tried by jury; and an order to that effect was made on October 4, 1883. In April, 1885, the case was regularly called on the day calendar before one of the judges of this court, sitting for the trial of issues by jury, and both sides answered ready when the case was called.
The case remained on the day calendar for two weeks not reached, by reason of the trial of causes ahead of it on the calendar, and counsel on both sides continued to answer ready.
On April 21st, 1885, the case immediately preceding this case on the calendar, being on trial, and the trial nearly completed, the counsel for the plaintiff proposed to counsel for defendant that the case be referred to a referee to be chosen by the court, and the counsel for the defendant, agreeing thereto, a written consent to refer was signed by both counsel, and counsel for the plaintiff informing the presiding judge that both parties had consented to a reference, and both counsel consenting thereto in open court, an order was made by the trial judge on the 21st day of April, 1885, vacating the order settling issues to be tried by a jury, and appointing Stephen P. Nash, referee, to hear and determine the issues in the cause.
*812 The trial of the cause was thereupon commenced before the referee, on May 14, 1885, and continued on various days, considerable important testimony being taken until June 3, 1885, when it was interupted by reason of the departure of the referee for Europe, and the further trial postponed.
On May 25, 1885, during the course of the trial before-the referee, Mr. D. M. Porter, the plaintiff’s counsel retired from the case, and was succeeded by Mr. George M. Curtis,, the present attorney of record and counsel for the plaintiff, at the trial before the said referee, and Mr. Curtis has since then acted as plaintiff’s counsel on the reference, until the adjournment of the trial by reason of the absence of the referee.
The chief reasons now presented to the court for granting the order asked for, are that the plaintiff, although she authorized her counsel, Mr. Porter, to propose a reference, was not then fully aware either that she thereby waived her constitutional right to trial by jury, or of the expenses of a reference as to stenographer’s minutes, etc.
To the referee himself no objection is made. It is conceded that he is in all respects competent and capable of rendering a just and impartial decision.
The question is, whether the plaintiff, having freely, deliberately, and on the advice of her counsel, elected to have the issues in her action referred, and a motion having been made in open court by him for an order of reference with the consent of the defendant just having been obtained thereto should now be permitted by the court to revoke her action and be restored to the full enjoyment of her right to trial by jury which she had voluntarily and solemnly waived. That she had such a right is beyond doubt. Code, §§ 968, 1012.
It is equally certain that the right could have been waived, and was in fact waived by her. Code, §§ 1008, 1009; In re Hughes, 93 N. Y., 512. And a constitutional or statutory right having been once waived cannot be reclaimed. In re Hughes, supra; Baird v. The Mayor, etc., 74 N. Y., 386.
There may no doubt be cases where the court, in its discretion, and in furtherance of justice, and to defeat fraud or manifest wrong, may go far to relieve a party from the consequences of his own act, but the case should be strong indeed, to warrant such indulgence in such a case as this.
I have read the motion papers, and endeavored to inform myself of the facts of this case, for the purpose only of ascertaining if any fraud had been practiced on the plaintiff, or any unfair or improper inducement used to lead her to ' agree to a reference, or if any wrong has been inflicted *813 upon her, or is threatened by reason of her agreement to refer.
I can see no evidence of any such fraud or wrong or danger. That she is too poor to pay stenographers’ fees is not an unusual misfortune of litigants in suits of this nature, and a remedy is not beyond the reach of this court.
For any other purpose than that above stated, the merits of this case have not been considered on this motion. The plaintiff and defendant are equally entitled to a fair and proper hearing and decision of the matters in controversy between them. The rights of each must be equally respected.
It is the right of the defendant now to proceed with the trial before the tribunal agreed on by him and his opponent and selected by this court. I see no reason why he should be obligéd to forego that right.
In order, however, to remove all possibility of injurious disability in the plaintiff to present her evidence, and place it under examination of her counsel, I will order that the defendant provide her or her attorney with copies of the stenographer’s minutes of all the testimony, on the demand of her attorney, at reasonable times; the cost of the same, however, to be charged against the plaintiff and deducted from any costs which she may recover against him in this action.
Except as to that indulgence, the plaintiff’s motion is denied, with ten dollars costs, to abide the event.