In the Matter of the Petition of MICHAEL DUFFY to Vacate an Assessment for Paving Fifty-eighth Street, from Sixth to Ninth Avenue.

A petition to vacate an assessment for a local improvement, in the city of New York, was served upon the corporation counsel in April, 1872, with a notice attached that it would be presented to the court on the twenty-sixth of that month. The motion was not then made. In November, 1890, another notice of application to vacate the assessment was served. *Held*, that this was a new and independent proceeding, in no way connected with the first, and that it was barred by the Statute of Limitations. (Code Civ. Pro. §§ 388, 414.)

*In re Rosenbaum* (119 N. Y. 24), distinguished.

(Argued June 8, 1892; decided June 17, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made March 31, 1892, which reversed an order of Special Term denying a preliminary motion to dismiss an application for the reduction or vacation of an assessment.

This was a proceeding to vacate an assessment for paving Fifty-eighth street, in the city of New York, between Sixth and Ninth avenues, which was confirmed July 22, 1872.

On April 22, 1872, the petitioner served upon the corporation counsel a petition to vacate the assessment. Attached thereto was a notice that the petition would, on October 24, 1872, be presented to a justice of the Supreme Court and a motion made that its prayer be granted. No motion was made on that day and no adjournment had, and nothing was done in the matter, except a copy of an order of substitution of attorneys was served, until November 12, 1890, when a notice was served upon the corporation counsel of an application for an order to vacate said assessment. This notice was returned to the petitioner's attorney on the day following, with an indorsement to the effect that there was no authority for the service of said notice. Upon the return day mentioned in said notice, the corporation counsel moved to dismiss the proceed-

ing on the ground that there was no proceeding in court in which such a notice could be served.

*Elliott Sanford* for appellant. The General Term errs in holding that the question here presented was not passed upon by the Court of Appeals in *Matter of Rosenbaum*, for there it appears that the proof had been taken and the proceedings thus actually initiated. (*In re Rosenbaum*, 119 N. Y. 24.) A special proceeding brought under the act, chapter 338 of the Laws of 1858, is commenced the instant a petition or application to the court to vacate the assessment is served, and not when notice of hearing, or application to the court to hear, the the proofs is served, and testimony taken in pursuance of the notice, as claimed by the respondent. (*In re Jetter*, 78 N. Y. 601.) The payment of the assessment does not prevent the court from exercising its jurisdiction over this proceeding. (*Purssell* v. *Mayor, etc.*, 85 N. Y. 330 ; *In re Hughes*, 93 id. 512 ; *In re Haselton*, 33 N. Y. S. R. 904.) The corporation counsel cannot successfully claim that the petitioner has been guilty of *laches* in not moving, for many years, for the vacation of the assessment, as he himself had allowed the proceeding to rest, when he could have moved years ago to dismiss. (*In re Rosenbaum*, 119 N. Y. 24 ; *Platt* v. *Platt*, 58 id. 640.) The legislature specially provides for the vacation of assessments brought prior to September 9, 1880, and thus sets at rest all questions of *laches*, abandonment and death raised by the corporation counsel. (Laws of 1882, chap. 410, §§ 902, 906.) No proceeding and no action when once commenced can be discontinued without the order of the court. Mere inaction, especially when consented to by both parties, is wholly insufficient. (*Averill* v. *Patterson*, 10 N. Y. 500 ; *Bishop* v. *Bishop*, 7 Robt. 194 ; *Earl* v. *Cleveland*, 72 N. Y. 486 ; *Boordman* v. *Burleigh*, 34 id. 184.)

*David J. Dean* and *George L. Sterling* for respondent. There is no proceeding in court in which this motion can be made. Due notice to the corporation counsel of application

to the court has not been given. One of the steps necessary to give the court jurisdiction has not been taken. (Laws of 1858, chap. 338; Laws of 1882, chap. 410, §§ 897, 914; *Boller* v. *Mayer*, 8 J. & S. 523–537; *Kiernan* v. *Reming*, 7 Civ. Pro. Rep. 411; *Proudfit* v. *Henman*, 8 Johns. 391; *Colden* v. *Dopkin*, 3 Caines, 171; *Allen* v. *Edwards*, 3 Hill, 499; *Wiest* v. *Critsinger*, 4 Johns. 117; *Gillilan* v. *Spratt*, 3 Daly, 440; *Hogan* v. *Baker*, 2 E. D. Smith, 22; *People ex rel.* v. *Kelly*, 20 Hun, 549; *Wight* v. *McClave*, 3 E. D. Smith, 316; *Squire* v. *Young*, 1 Bosw. 690; *De Comeau* v. *People*, 7 Robt. 498; *Carter* v. *Clark*, Id. 490; *Thomas* v. *Kircher*, 15 Abb. [N. S.] 342; *Wright* v. *Nostrand*, 94 N. Y. 31.) If the petitioner is before the court at all, it is by virtue of the notice served November 12, 1890, considered as the institution of a new proceeding. It is, however, too late to begin the proceedings under the act. (*In re Striker*, 23 Hun, 647; *In re Lima*, 77 N. Y. 170.) The decision in *In re Rosenbaum* (119 N. Y. 24), has no bearing upon the question raised here. (*In re Voorhis*, 5 T. & C. 345.)

FINCH, J. The question raised on this appeal was not involved in the case of *Matter of Rosenbaum* (119 N. Y. 24). No such point was there argued on behalf of the city, and no suggestion made that the proceeding had not been lawfully initiated within the necessary period. It did appear that proofs had been taken, and a hearing upon them had been given by the court, and without objection founded upon the delay. While we observed the existence of that delay, we were not called upon to determine any question affecting the regularity of the practice adopted. We were not made aware of any difficulty in that direction, and decided only the questions then brought to our attention which related solely to the validity of the assessment. If there was in that case the same defect which exists in this, we were left unconscious of the fact, and it was entirely waived on the part of the city.

But what was then conceded, or at least tacitly assumed, on all sides, is now emphatically denied, and the question is for

the first time raised whether the petitioner's proceeding had any valid existence before 1890, or can be dated back to the original filing of the petition.   That paper was drawn and filed in April, 1872, and was served upon the corporation counsel at about that date, with a notice that it would be presented to the court on the twenty-fourth of that month.   It was not so presented.   The motion was not then made, and thereafter, necessarily, no proceeding was in existence.   A new motion might be made, but would be a separate and independent application, having no connection with the abortive effort to institute one which earlier occurred.   The petitioner's counsel so understood the situation.   He abandoned the earlier motion by failing to appear, and because he had ascertained that the assessment had not been confirmed, and so his motion, if made, would be premature, and then framed, as is claimed, a new application, with a notice for October twenty-fourth, which was after the confirmation.   It never entered his thought that such new notice would serve only as a continuance of an existing proceeding, and so remain open to objection as prematurely commenced; but he clearly regarded, and justly regarded, the earlier attempted proceeding as having no remaining vitality, and the new one as altogether separate and independent.

In preparing that new motion, he claims to have used the old papers, changing only the improper dates, but no notice was served on the corporation counsel of such new application to be made on October 24.   The appellant's brief fully admits that fact, and the proof on the part of the city is to the same purport.   So far as the moving affidavits allege a re-service after the changed dates, they are founded wholly upon the counsel's statements of entries upon the register of a previous counsel, and are contradicted by what appears upon the register of the corporation counsel and by the witness who kept it at the time and made the entries.   But if there was such re-service, it was only a two days' notice which the appellant deliberately concedes was insufficient and invalid and upon which no action could have been founded.   It is apparent and is sub-

stantially conceded that nobody appeared on October twenty-fourth, for nobody could appear for any practical purpose. The city was not brought into court and the petitioner did not come into court, and so the proposed or meditated special proceeding never passed from an imperfect preparation to an accomplished fact, and what occurred simply showed an abandoned intention to commence one. The petitioner was still out of court, and even more clearly so than under his earlier failure about which he himself could have had no doubt.

In 1873, there is claimed to have been a substitution of a new attorney by an *ex parte* order, but that was an idle ceremony since no proceeding was pending, and could not be until the city was in some due and lawful manner brought before the court.

Thus matters rested until 1890, and why they so rested is obvious.. The decision in the *Voorhis* case involved a denial of the petitioner's motion if he made one, and so he made none, but paid the assessment, and stayed contentedly out of court and left the city out. But after the lapse of about sixteen years he awoke to a consciousness that the courts had modified their position and had reversed or, at least, changed it, and thereupon the present effort was made to reap in some manner the benefit of the change. Notice was given of an application to be made on the 12th of November, 1890, for an order vacating the assessment. This was a new and independent proceeding and the first one to which the petitioner and the city were parties which had any existence or vitality as such. The effort to link it to the dead and abandoned preparations of 1872 and to galvanize them. into some semblance of life cannot succeed.

When the notice of 1890 was given, it is said that proofs had been taken by consent of the corporation counsel without the order or knowledge of the court, but in an informal way and according to custom. There is no adequate proof of such consent, but if there was it would not alter the situation. At that date there was no special proceeding pending to which the city and the petitioner were parties. Of that we have not

the least doubt.   The proofs taken might so have been taken under a stipulation that they should be used without objection whenever a new application should be made, but such an arrangement could have no force or effect until a special proceeding wa·actually begun in which the informal proofs might be used by agreement.   There was thus no proceeding initiated or existing until the application of 1890, which is the one before us and which the General Term dismissed.   It was begun too late.   (*Matter of Striker*, 23 Hun, 647; Code Civ. Pro. §§ 388, 414.)   It follows that the General Term committed no error in their dismissal of the proceeding.

The order should be affirmed, with costs.

All concur.

Order affirmed