inspected, and from which he had questioned the witness, was competent evidence, as a part of the examination of the witness, and to show the source of the information of the witness, and as an explanation of his testimony. It was not introduced as proving each individual transaction therein recorded. It was proper for the court to have before it the instrument upon which the witness had been interrogated, and from which he had made his answers; and it is quite clear that in admitting it the court considered it in this aspect only, and did not treat it as independent evidence of each separate transaction, apart from the witness' testimony as to such transaction.

The other objections to the testimony do not, we think, require notice; and, after a review of the whole case, we are satisfied that the award was moderate, and that there was no legal error committed. We think, however, under the circumstances of the case, that the interest allowed from annual rests, amounting to the sum of $8,190.98, should be deducted from the amount of the judgment, and that the judgment, with this modification, should be affirmed, without costs. All concur.

(10 App. Div. 13.)

WYNN v. CENTRAL PARK, N. & E. R. R. CO.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

CARRIERS—INJURIES TO PASSENGERS—INSTRUCTIONS.

> Where a passenger was injured by the breaking of a brake chain in a street car, but there is no evidence that any other or safer appliances were in use, it is error, in an action for the injury, to charge that "the appliances used by defendant must be the best that skill and science have contrived, and which are in practical use." Williams, J., dissenting, on the ground that the instruction referred to the condition of the chain.

Appeal from court of common pleas, trial term.

Action by Catherine Wynn against the Central Park, North & East River Railroad Company to recover damages for injuries sustained while a passenger on a street car of defendant's line. From a judgment upon a verdict for plaintiff, and from an order denying a new trial upon the minutes of the court, defendant appeals. Reversed.

The facts are stated by Mr. Justice WILLIAMS as follows:

The action was brought to recover damages for injuries to the plaintiff alleged to have been caused by the negligence of the defendant. The accident occurred upon defendant's street railroad on Fifty-Ninth street, New York City, November 2, 1887. The plaintiff entered a car about 7 p. m. at Tenth avenue, and started east on Fifty-Ninth street. The car was drawn by a pair of horses, the driver being the only person in charge of the car. There was no conductor. The car was heavily loaded, some of the passengers standing up. The plaintiff was seated. Between Eighth and Seventh avenues the car was driven quite rapidly, the driver whipping the horses so that they galloped. At Seventh avenue the car approached a considerable down grade, which extended from Seventh to Sixth avenue. At Seventh avenue, in order to check the speed of the car, which was going quite rapidly, the driver applied the brake with such force that the brake chain was broken. There was then nothing to check the momentum of the car, and it went down the grade with increasing velocity, the horses being driven on a run by the driver to

keep them away from the car. At Sixth avenue the car struck a substantially level road, and continued on to Fifth avenue, where it collided with another car standing still on the defendant's track. As a result of the collision the plaintiff was thrown from her seat and received the injuries, damages for which this action was brought. One of the links of the brake chain was broken, and the connection was thereby severed between the brake handle and the brake, so that the brake was useless, and could not be used to check the speed of the car. The absence of contributory negligence on the part of the plaintiff was not disputed. The only questions in controversy on the trial were the alleged negligence on the part of the defendant, and the amount of damages the plaintiff was entitled to recover for the injuries received by her, if entitled to recover at all.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry Thompson, for appellant.
Clarence Lexow and Charles K. Beekman, for respondent.

PATTERSON, J. The immediate cause of the accident which resulted in the injuries sustained by the plaintiff was the breaking of a link in the chain connected with, and forming part of, the braking apparatus attached to the car. The negligence imputed to the defendant was not only in the alleged improper conduct of the driver in driving at a dangerous rate of speed, but also in allowing the car to be used with a braking equipment out of order or imperfect. Testimony was given relating both to the construction of the chain, and as to an inspection of the running gear of which it was part. It was shown that it consisted of 21 1-inch and 7 2-inch links. The small links were $\frac{3}{8}$ iron, and the large ones of $^7/_{16}$ diameter, and were part of the same braking appliance, in character, that was used on all the cars of the company. There was no testimony to the point that the chain was not, if in good condition, adequate to any strain that might be put upon it in applying the brake, or that, if in proper condition, it would not suffice as an appliance suitable and sufficient for the purpose for which it was used, or that there was any safer or better appliance in use. On that point the only issue before the jury was as to the condition of the chain, and the care and prudence exercised by the defendant in inspecting or examining it to ascertain its condition prior to the car being sent out on the day the accident happened. Notwithstanding that situation of the case, there was imported into the trial an element, the introduction of which could not but prejudice the defendant and raise a false issue. The plaintiff requested the court to charge that "the appliances used by the company must be the best appliances which skill and science has contrived, and which are in practical use." That request was complied with, and an exception was taken. That statement of the law was reiterated by the court. In commenting upon the subject of the obligation of the plaintiff to prove that the negligence of the defendant's servant was the sole cause of the injury, the learned court again said to the jury:

"It will be necessary for you to determine from the evidence whether the appliances used to operate the brake were the best which skill and science had contrived, and which were in practical use."

Whether that is quite an accurate statement of the abstract rule of law, it is not now material to inquire. That a railroad company may be chargeable with negligence to one injured from a failure to introduce improvements in its apparatus which have been tested and found materially to contribute to the safety of passengers, and which it is reasonably practicable to adopt, is true. Smith v. Railroad Co., 19 N. Y. 127. But there was no evidence in this case to raise the question of there being any other or different or superior apparatus in use, with which the defendant could have equipped its car, and that would have tended to insure greater safety to the passengers upon it. All the testimony on the subject of the nature of the braking apparatus was in one direction. Three witnesses called by the defendant testified on that topic. Gerard swore that he knew of no other method of applying power to stop a horse car than the one used. Romaine, a car builder, swore that he knew of no other or better way of working brakes than that used on this car, and that it was the method in use on all cars, whether operated by horse power or by electricity, and he had never heard of the breaking of one of the large links in a chain. Oakley, an assistant superintendent of the Madison Avenue Line, never heard, in all his experience, of a chain breaking in the way the one on this car did. There is nothing to contradict or impair the effect of this evidence. There is nothing to go to the jury on the question of the general character or sufficiency of the chain and brake, if it were in good order when the car went into service the day of the accident. The charge of the learned judge opened an issue that was not in the case, and we cannot say that it may not have been upon some notion that a better braking apparatus, in design or general character, should have been furnished, that the jury acted in finding their verdict.

For this reason, and without considering the many other errors assigned, the judgment should be reversed, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ., concur.

WILLIAMS, J. (dissenting). This case had once before been tried, a verdict had been rendered in favor of the plaintiff, and the judgment entered thereon had been affirmed on appeal by the general term. 14 N. Y. Supp. 172. The court of appeals, however, reversed the judgment, and ordered a new trial, by reason of an error committed by the trial court in submitting to the jury the question whether the driver of the car was guilty of negligence in the management of the car, after the breaking of the brake chain, which negligence caused the plaintiff's injuries. The court held that there was no evidence in the case upon that trial upon which the jury would have been justified in charging the defendant with such negligence on the part of the driver. 133 N. Y. 575, 30 N. E. 721. I am unable to say what the evidence upon that trial was, except so far as the opinion of the court of appeals refers

thereto. The learned trial court, upon the second trial, which we are now called upon to review, followed the decision of the court of appeals, and withdrew from the jury all questions as to the negligence of the driver after the breaking of the brake chain. The question as to the driver's negligence before the breaking of the chain was, however, left to the jury, the court in its charge saying:

"The plaintiff's husband testified that the driver recklessly· drove the car in question before it reached the hill at Seventh avenue. That is denied by the driver in question. If you credit the testimony of the plaintiff's husband, you may take that into consideration, in passing upon the question whether the driver was negligent before the breaking of the brake chain."

This was excepted to by defendant. The court, upon being requested by defendant to charge "that there is no question of the driver's conduct to be submitted to the jury, upon which they can properly find the defendant chargeable with negligence," refused to so charge, but charged the request, modifying it by adding the words "after the breaking of the chain." The defendant excepted to the refusal to charge as requested, and to the request charged as modified. The jury were not instructed by the court as to the necessity of their finding, in order to render the defendant liable for damages for plaintiff's injuries by reason of the negligence of the driver before the breaking of the chain, that such negligence must have caused the plaintiff's injuries. No request upon this particular point was made by the defendant. The court, however, instructed the jury generally that plaintiff's right to recover depended upon her establishing to their satisfaction that the defendant, by its servants, was the direct and sole cause of the injury; and, in the absence of any request by the defendant to charge as to the specific point hereinbefore suggested, it must be assumed that the jury did understand that they must find that the negligence of the driver referred to caused the plaintiff's injuries, in order that by reason of such negligence they could charge the defendant with liability for damages for such injuries. So that the only question remaining upon this branch of the case is whether, upon the evidence, the jury would have been justified in finding that the alleged negligence of the driver, before the breaking of the chain, caused the accident. There was evidence upon which the jury might find that the driver had urged his horses into a gallop, and was driving them quite rapidly, before and up to the time he reached Seventh avenue and applied the brake. We are aware that the driver testified that the car was stopped at Seventh avenue, or just west of that point, and some women passengers were taken on the car, and that the occasion for his setting the brake after the car started again, when the chain broke, was that a large beer wagon had driven on the track in front of the car, and it was necessary to slow down the car in order to avoid a collision with the beer wagon. The other evidence in the case was, however, in conflict with the evidence given by the driver; and the jury had a right to disbelieve the driver, and find that the necessity for setting the brake at the time the chain broke was that the car was

going so rapidly when it came to Seventh avenue and started on the down grade towards Sixth avenue.

It is claimed that it was improper and negligent conduct on the part of the driver to drive so rapidly before reaching Seventh avenue, considering that the car was heavily loaded, and was approaching a considerable down grade, when the car would have to be slowed down, and the brake would have to be applied with great force to effect such purpose; that such reckless driving, connected with the unusual force necessary to be applied to the brake to check the speed of the car, and then the applying of such unusual force,—that all these acts, taken together, were improper and negligent conduct, which resulted in and caused the breaking of the chain, and the accident and injuries to plaintiff following the same. This was a phase of the case which was not considered or passed upon by the court of appeals, so far as appears from the case as reported; and it seems to me that these facts raised fairly a question for the jury, and which was properly submitted to them. I think, under the circumstances, these exceptions were not well taken.

The court also submitted to the jury the question whether the defendant was guilty of negligence which caused the plaintiff's injuries, in failing to make proper inspection of the brake chain before the chain broke and the accident occurred. This was entirely proper. One of the links of the chain broke and was lost. Its actual condition could not be ascertained by an examination of it after the accident, but the jury were justified in drawing the inference, from the fact of its breaking as it did, that it was defective in some way. The defendant gave evidence tending to show that there was a sufficient inspection of the chain, and that no defect was visible or was discovered; and yet it did break, and it was one of the large links at the end of the chain, made of $7/16$-inch iron. An examination of the evidence on the part of the defendant as to the nature and extent of the inspection, and considering the fact that this large link did break when the driver set the brake at the time of the accident, and that it is a fair inference that it must have been defective or it would not have broken, and considering the rule that the fact the accident occurred as it did was enough proof of negligence to call upon the defendant for some explanation, I am of the opinion that the credibility of the witness who testified to the inspection was to be determined by the jury, and that the question as to whether the defendant was guilty of negligence in failing to make proper inspection of the chain and discover the defect in the link that broke was one of fact, for the jury, and was properly submitted for their determination.

It is claimed that the court submitted to the jury, as a ground of negligence, the question whether the brake and appliances in use by defendant upon its road were the best which skill and science had contrived, and which were in practical use upon street railroads. But it seems to me that such a question was not submitted to the jury, so far as the general construction of the appliances were concerned; that at most the question related only to the condition of

the particular appliance in question,—whether it was defective or not. The fourth request handed up by the defendant was charged, before the court made its general charge in the case. This request was in the following language:

"That carriers of passengers are held to stricter accountability in the case of a vehicle propelled by steam thirty or forty miles an hour than in the case of vehicles drawn by horses at the rate of six or eight miles an hour; that experience in carrying passengers for years in horse cars having proved the safety of the device for applying brakes, and the efficiency of the method of constructing and operating them, the defendant was justified in relying upon them."

This was a clear statement that the defendant was not guilty of negligence in the use of the appliances, so far as the general method of construction was concerned. In the commencement of the general charge the court did say that, in order to determine as to the defendant's negligence, it would be necessary to determine from the evidence whether the appliances which were used to operate this brake were the best which skill and science had contrived, and which were in practical use; but his suggestion must be construed in view of the request already charged, and the fact that nothing was said by the court as to the general method of construction of brake appliances, but that only the condition of this particular brake, as to its defects, and the sufficiency of the inspection to detect such defects, was discussed by the court, or called to the attention of the jury, and that no evidence was given tending to show that the general method or construction of the appliances in use was improper. Near the close of the general charge the court used the following language:

"If you find from the evidence that the defendant company exercised, under the circumstances, the highest degree of care to protect its passengers from injury, and that the appliances used by the company were the best that skill and science had contrived, and which are in practical use, your verdict will be for the defendant."

And among the requests made by the defendant after the general charge had been made was one in the following language:

"That it affirmatively appears that the appliances which were used to operate the brake were the best appliances which skill and science had contrived, and which were in practical use, and that there is no issue thereon to be submitted to the jury, upon which they may properly find the defendant chargeable with negligence."

This request was refused, with exception. I think the court here understood the request as referring to the particular construction of this brake, and not to the general method of construction of brakes on the defendant's road, and that the jury, in view of the considerations already referred to, were not misled. There had been no evidence given tending to show that the general method of construction of defendant's brakes was improper, and the court had not, in its charge, discussed such a question, or called the attention of the jury to any considerations bearing upon that subject. When the defendant put the question clearly to the court, in its request first referred to, the court charged the request in the defendant's favor. The other request and suggestions to the jury literally applied to the

appliance in question, and which was defective; and I think the language was so understood by the court, and that the jury were not misled, taking the whole charge together.

It is said that the court erred in submitting to the jury, as a proper element of damages, the composition of the plaintiff's family, the labor performed by plaintiff before and after she was injured, and how her capacity to labor was affected by her injuries. One of the requests handed up to the court by the plaintiff before the general charge was made, and which was charged, was in the following language, viz.:

"In determining the damages the jury should consider the evidence as to who composed the plaintiff's family, and as to what she did before the injury, and how she was affected by it, and as to the pain and suffering endured by her."

And among the requests handed to the court by the defendant before the general charge was made, and which was charged, was one in the following language, viz.:

"That no claim is made in the complaint for plaintiff's loss of time, or inability to perform work and services, and no recovery can be had for such loss of time or incapacity to work."

In the general charge the court said:

"In assessing the damages, * * * you are to consider and determine the nature and extent of the injuries, if any, sustained by the plaintiff by reason of the accident. * * * The plaintiff is entitled to recover a fair and reasonable compensation for the pain and suffering which she has endured. * * *"

There seems to me to have been no error in the charge in this respect, taken all together. The true rule of law was laid down, and the jury could in no way have been misled. It was proper for the jury to consider the evidence as to the composition of plaintiff's family, and the amount of work she did in the family before and after the injuries were received, and how she was affected, for the purpose of judging as to the extent of the injuries, and to what extent she was affected physically. Minick v. City of Troy, 19 Hun, 253, affirmed 83 N. Y. 514. The evidence was given without objection as bearing upon this subject, and it was not error for the court to instruct the jury to consider all the evidence given in determining the amount of the damages. If the defendant feared that the jury would give any improper effect to the evidence, it could have requested the court to give specific instructions to the jury on the subject. In the absence of such request, we cannot assume or infer that the jury did give any improper effect thereto.

I cannot say, under the evidence, that the verdict of the jury was excessive in amount. There was a controversy on the trial as to the extent of the plaintiff's injuries, and evidence was given as to the pain and suffering she endured. At the time of the trial, years had elapsed since the accident, and it is claimed that the injuries were still uncured, and were in their nature permanent. The plaintiff was 40 or 50 years of age, and it was claimed that she was obliged to wear a truss. I do not think the case is one calling upon the court to interfere with the finding of the jury as to what amount would

fairly compensate the plaintiff for the injuries received by her in the accident.

The judgment and order appealed from should be affirmed, with costs.